## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LYNNE SANDERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITED OF OMAHA LIFE INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendant. ) | Case No. 2:07-CV-00020 |

## MEMORANDUM

Plaintiff Lynne Sanders filed this cause against Defendant United of Omaha Life Insurance Company ("United") alleging United's improper refusal to remit accidental death benefits. Plaintiff originally filed her claim in the Circuit Court of Adair County, Missouri. Thereafter, United removed the action to this Court on the basis of concurrent original jurisdiction, pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

This matter comes before the Court on Plaintiff's memorandum (Doc. #12, filed May 18, 2007), in which Plaintiff seeks to open the administrative record and include additional evidence for the Court's consideration. Alternatively, Plaintiff seeks remand with instructions to the plan administrator to accept and consider additional evidence. United opposes Plaintiff's request in that the applicable standard of review does not permit the Court to review additional evidence, and Plaintiff's alternative request for remand is without basis and/or authority. In light of the parties' arguments and relevant law, the Court **HEREBY DENIES** Plaintiff's request (Doc. #12) to open the record and/or conduct additional discovery, or to remand the decision to the plan administrator. The analysis as follows.

## BACKGROUND

In May of 2005, United issued a Group Life and Accidental Death and Dismemberment Benefits Policy ("Policy") to Plaintiff's son, Gary Douglas Bender, now deceased. Under the

Policy, if the insured died as a result of an "Accident,"[FN1] United was obligated to pay the named beneficiary a "Principal Sum." (Policy 2, 19.)

> **FN1**. "Accident" is defined in the Policy as "a sudden unexpected and unintended event, independent of Sickness and all other causes. Accident does not include Sickness, disease, bodily or mental infirmity or medical or surgical treatment thereof, bacterial or viral infection, regardless of how contracted. Accident does include bacterial infection that is the natural and foreseeable result of an accidental external bodily injury or accidental food poisoning." (Policy 18.)

Here, the parties stipulate that (i) Mr. Bender was a named insured under the Policy; (ii) Plaintiff is a named beneficiary under the Policy; (iii) subsequent to Mr. Bender's death, Plaintiff filed a claim for accidental death benefits with United; and (iv) United denied Plaintiff's claim for benefits.[FN2]

> **FN2**. The Policy states that no amount is to be paid for any loss "caused by [the insured], and is a result of injuries [the insured] receive[s], while intoxicated." (Policy 21-22.) At present, there seems to be a dispute as to whether Mr. Bender was intoxicated, so as to exclude his beneficiaries, i.e. Plaintiff, from accidental death benefits coverage, at the time he was involved in the automobile accident which caused his death.

Where benefits claims are submitted and denied, the Policy outlines the "claim review and appeal procedure." (Policy 25-27.) Here, the parties stipulate that Plaintiff appealed the plan administrator's denial and fully exhausted the administrative remedies described under the Policy, and the administrator's decision was upheld on appeal. Plaintiff now turns to this Court to review the administrator's decision.

## DISCUSSION

The Employee Retirement Income Security Act of 1974 ("ERISA") provides beneficiaries of qualifying employee welfare benefit plans[FN3] ("plan(s)") the right to challenge administrative actions in federal district court.[FN4] 29 U.S.C. § 1132(a); *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998).

> **FN3**. ERISA defines "employee welfare benefit plan" to mean: "any plan, fund, or program .·.·. established or maintained by an employer .·.·. to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, .·.·. [among other things] accident .·.·. benefits." 29 U.S.C. § 1002(1).

> **FN4**. More specifically, under ERISA, federal district courts have exclusive original jurisdiction over civil actions brought by beneficiaries seeking benefits allegedly due under their respective plans. 29 U.S.C. § 1132(a), (e)(1).

### *Standard of Review*

Although generally, a district court should review a challenge to the denial of benefits *de novo*, more deference must be afforded where the plan expressly "grants the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Sheehan v. Guardian Life Ins. Co.*, 372 F.3d 962, 966-67 (8th Cir. 2004) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Here, the Policy states:

> By purchasing the Policy, the Policyholder grants Us the discretion and the final authority to construe and interpret the Policy. This means that we have the authority to decide all questions of eligibility and all questions regarding the amount and payment of any Policy benefits within the terms of the Policy as interpreted by Us. Benefits under the Policy will be paid only if We decide, in Our discretion, that a person is entitled to them. In making any decision, We may rely on the accuracy and completeness of any information furnished by the Policyholder or an Insured Person. Our interpretation of the Policy as to the amount of benefits and eligibility shall be binding and conclusive on all persons. (Policy 31.)

Even in those cases, as here, where the administrator acts with express discretionary authority, a less deferential standard of review may be appropriate "if the plaintiff presents 'material, probative evidence demonstrating that (1) a palpable conflict of interest or a serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty' to the plaintiff." *Shelton v. ContiGroup Companies, Inc.*, 285 F.3d 640, 642 (8th Cir. 2002) (quoting *Woo*, 144 F.3d at 1160).

Here, Plaintiff alleges that "it is apparent that there is good cause" to permit additional evidence. Specifically, Plaintiff cites a procedural irregularity and an incomplete hearing resulting in a breach of fiduciary duty; in that the plan administrator reached its final decision before providing Plaintiff with a certified copy of the underlying insurance policy, and without responding to plaintiff's pre-litigation request for assurances regarding its review process. However, the types of irregularities alleged, and Plaintiff's failure to demonstrate how United's failure to provide a certified copy of the underlying insurance policy had any connection to the substantive decision reached, does not amount to the "material, probative evidence" sufficient to warrant lesser deference to the administrator's decision. *See Shelton*, 285 F.3d 642 (citing *Woo*, 144 F.3d at 1161).

*C.f. Buttram v. Cent. States S.E. & S.W. Areas Health & Welfare Fund,* 76 F.3d 896, 900 (8th Cir. 1996) (less-deferential review was proper where there were serious procedural irregularities, including defendant's failure to send the file to the compliance team, reliance on the wrong policy language, and decision to deny the claim without receiving the information regarding the source of the morphine that she claimed she needed to evaluate the claim. Those procedural irregularities raise "serious doubts as to whether the result reached was the product of an arbitrary decision."); *and Woo*, 144 F.3d at 1161 (failure to employ a properly qualified expert to review a claim involving an uncommon disease amounted to a procedural irregularity).

Further, whether the plan administrator's decision was reasonable and/or well-founded is not a question to be addressed at this stage in the litigation because this Court has yet to review the record upon which the plan administrator's decision was purportedly based, or to learn the reasoning behind the plan administrator's denial of benefits. Therefore, the Court is not in a position to adjudge "whether the result reached was the product of an arbitrary decision or the plan administrator's whim." *See Layes v. Mead Corp.*, 132 F.3d 1246, 1250 (8th Cir. 1998) (internal quotations omitted).

Therefore, in reviewing the plan administrator's decision to deny benefits, the Court reviews for abuse of discretion and may only consider the evidence before the plan administrator when the claim was denied. *Heaser v. Toro Co.*, 247 F.3d 826, 833 (8th Cir. 2001) (citing *Woo*, 144 F.3d at 1160); *Layes*, 132 F.3d at 1250. "This deferential standard reflects our general hesitancy to interfere with the administration of a benefits plan." *Layes*, 132 F.3d at 1251.

**I.  Request to Open and Discover**

In her memorandum (Doc. #12), Plaintiff first seeks to open the administrative record and include additional evidence for the Court's consideration. Of note, Plaintiff wishes to proceed with discovery to gather additional evidence regarding the accuracy of the blood-alcohol test, the circumstances surrounding Mr. Bender's automobile accident, and the procedural details of the administrator's decision process. Plaintiff states that she "does not merely contend she should be allowed to reopen the record and submit additional evidence that is more favorable to her than similar evidence considered by the administrator"; rather, she wishes to ensure that the administrator's decision was "made with adequate evidence," and in consideration of Plaintiff's "critical evidence." In support of her position, Plaintiff cites *Brown v. Seitz Foods, Inc.*,

*Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998) ("district court may admit additional evidence in an ERISA benefit-denial case ... if the plaintiff shows good cause for the district court to do so."). The Court finds Plaintiff's reliance on *Brown* misplaced.

In *Brown*, 140 F.3d at 1200, the Eighth Circuit reversed the district court's admission of evidence outside the administrative record, even where the district court's appropriate standard of review was *de novo*, rather than abuse of discretion. The Court explained:

> [Plaintiff] offered and offers no explanation why he could not have timely provided [the administrator with the additional evidence]. If [plaintiff] believed the evidence he introduced at trial "was necessary for [the plan administrator] to make a proper benefits determination, [he] should have obtained this evidence and submitted it to [the plan administrator]." Having failed to take advantage of the opportunity to supplement the record for the Appeals Committee, or to explain his failure to do so, [plaintiff's] offer of additional evidence outside the administrative record is "nothing more than a last-gasp attempt to quarrel with [the administrator's] determination." *Id.* at 1200- 01.

Like the plaintiff in *Brown*, here, Plaintiff has failed to explain why the information relating to the blood-alcohol test and/or circumstances surrounding Mr. Bender's automobile accident was not entirely produced and provided to United. In light of the *Brown* decision and the more deferential standard of review applicable here, the Court denies Plaintiff's request to discover and/or consider additional evidence. *See also Davidson v. Prudential Ins. Co. of America*, 953 F.2d 1093, 1095 (8th Cir. 1992) (on *de novo* review, district court properly refused to consider additional evidence, where (i) plaintiff merely sought to submit more favorable evidence than that previously considered; (ii) the disputed evidence was available before, yet created after, litigation commenced; (iii) plaintiff was given multiple opportunities to supplement the administrative record; and (iv) the administrative record was "replete" with evidence bearing on the final decision.).

## II. REQUEST TO REMAND

In the alternative, Plaintiff requests that the Court remand the decision with instructions to develop "all the evidence before [the plan administrator]," in that there are " 'serious doubts as to whether the result reached was the product of an arbitrary decision or the plan administrator's whim.' " (quoting *Barnhart v. UNUM Life Ins. Co. of Am.*, 179 F.3d 583, 589 (8th Cir. 1999) (citation omitted)).

At this stage in the litigation, the Court denies Plaintiff's request to conduct discovery regarding the procedural details of the administrative decision. Under the abuse of discretion standard, "an administrator with discretion under a benefit plan must articulate its reasons for denying benefits when it notifies the participant or beneficiary of an adverse decision, and the decision must be supported by both a reasonable interpretation of the plan and substantial evidence in the materials considered by the administrator." *King v. Hartford Life and Acc. Ins. Co.*, 414 F.3d 994, 999-1000 (8th Cir. 2005). *See also*, *e.g.*, 29 U.S.C. § 1133; *Marolt v. Alliant Techsystems, Inc.*, 146 F.3d 617, 620 (8th Cir. 1998); *Brumm v. Bert Bell NFL Retirement Plan*, 995 F.2d 1433, 1436-37 (8th Cir. 1993). The test for "reasonableness" ultimately depends upon the administrator's basis for denial. Thereupon, in order for this Court to determine whether the administrative decision was proper, the Court must view the administrative record and rationale, and "may not admit new evidence or consider *post hoc* rationales." *Conley v. Pitney Bowes*, 176 F.3d 1044, 1049 (8th Cir. 1999).

However, if the plan administrator's decision is later found to be improper or unfounded, the Court may ask the plan administrator to further develop or re-consider its decision. *See King*, 414 F.3d at 1005 ("The statute affords the courts a range of remedial powers under ERISA, 29 U.S.C. § 1132(a), and returning the case to a plan administrator for further consideration is often appropriate.") (citing *Shelton v. ContiGroup Companies, Inc.*, 285 F.3d 640, 644 (8th Cir. 2002)); *see also Caldwell v. Life Ins. Co. of N. Am.,* 287 F.3d 1276, 1288 (10th Cir. 2002); *Gallo v. Amoco Corp.,* 102 F.3d 918, 923 (7th Cir. 1996); *Miller v. United Welfare Fund,* 72 F.3d 1066, 1073-74 (2d Cir. 1995)). Perhaps a question for another day.

This case is different from *King*, 414 F.3d at 1005-06, wherein the Eighth Circuit reversed the district court's grant of summary judgment and remanded the case for reevaluation, where the policy did not define the term "accident," and the plan administrator conceded that it had applied the wrong definition of "accident" in denying plaintiff's claim. "[W]hen an administrator abandons in litigation its original basis for denying benefits, the better course generally is to return the case to the administrator, rather than to conduct *de novo* review under a plan interpretation offered for the first time in litigation." *Id*. at 1005. Moreover, King did not approve of the admission of additional evidence; rather, it drew attention to the "unusual procedure"; whereby, "despite the general rule," the district court permitted, and defendant did not object to, the admission of new evidence in support of plaintiff's claim for benefits. *Id*. at 997.

In accordance with the reasons set forth herein, the Court **HEREBY DENIES** Plaintiff's request to open the record to permit discovery. The Court shall limit its review of the administrator's decision to the administrative record.

Dated this 21st day of December, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE